IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lata Vasandani,                       :

        Plaintiff,            :     Case No.  2:14-cv-0059

  v.                                  :     JUDGE GEORGE C. SMITH

Dublin Green Condominium Owners':     Magistrate Judge Kemp
    Association, Inc., et al.,

        Defendants.           :

OPINION AND ORDER

On January 16, 2014, Plaintiff, Lata Vasandani, filed an action in this Court against Defendants Dublin Green Condominium Owners' Association, Inc., Apogee Property Management, Ltd., and Lynette Gehring seeking damages pursuant to 42 U.S.C. §3604(f)(3)(B); 24 CFR §100.204; and O.R.C. §4112.02(H)(19). On May 1, 2014, Nationwide Property & Casualty Insurance Company ("Nationwide") filed a motion to intervene as a party plaintiff and an intervenor's complaint and cross-complaint. (Doc. 14). The parties have not filed any opposition to Nationwide's motion, and the motion is now ripe for adjudication. For the following reasons, Nationwide's motion to intervene as a party plaintiff will be granted.

I.

Ms. Vasandani alleges that Defendants failed to clear snow and ice in certain common areas near her condominium and that, as a result, she slipped and fell on or about January 18, 2012. Ms. Vasandani further alleges that she has a disability and that Defendants failed in their duty to provide a reasonable accommodation as required by 42 U.S.C. §3604(f)(3)(B); 24 CFR §100.204; and O.R.C. §4112.02(H)(19). In its motion to intervene, Nationwide represents that it issued an insurance policy to Dublin Green Condominium Owners' Association, Inc., and that the two remaining Defendants were "insureds" under that

policy.  Nationwide seeks to intervene in order to obtain a declaration of the respective rights of the parties under the policy.

## II.

In its motion, Nationwide seeks to intervene of right under Rule 24(a) or permissively under Rule 24(b) of the Federal Rules of Civil Procedure.  Intervention of right is authorized by Fed. R. Civ. P. 24(a), which provides, in pertinent part:

> On timely motion, the court must permit anyone to intervene who:
>
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action as a practical matter may impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit applies a four-part test to motions made pursuant to Fed. R. Civ. P. 24(a)(2).  This test requires the moving party to establish: (1) that the motion was filed timely, (2) that a substantial legal interest is involved, (3) that an interest will be impaired without intervention, and (4) inadequate representation by the current parties.  Blount-Hill v. Zelman, 636 F.3d 278, 283 (6th Cir. 2011); see also Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997).

Because the Court finds that Nationwide's motion should be granted as of right under Fed. R. Civ. P. 24(a)(2), there is no need for a discussion of permissive intervention under Fed. R. Civ. P. 24(b).

## III.

The first element in deciding a motion for intervention of right under Fed. R. Civ. P. 24(a)(2) is whether the motion was timely filed.  Blount-Hill, 636 F.3d at 283.  To determine timeliness, courts use a five-factor test.  Id. at 284 (citing Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990)).

The first factor is "the point to which the suit has

2

progressed." Id.  Here, Nationwide filed its motion just over a week after answers were required, and the case is still in its early stages.  Another court in this district granted a motion to intervene in a substantially similar case where the only other significant proceeding in the case was another motion to intervene that was later withdrawn.  Patel Family Trust v. AMCO Ins. Co., No. 2:11-cv-1003, 2012 U.S. Dist. LEXIS 54326, *5 (S.D. Ohio Apr. 17, 2012).

The second factor is "the purpose for which intervention is sought."  Jansen, 904 F.2d at 340.  "The 'purposes of intervention' prong of the timeliness element normally examines only whether the lack of an earlier motion to intervene should be excused, given the proposed intervenor's purpose - for example, when the proposed intervenor seeks to intervene late in the litigation to ensure an appeal," which does not apply here. Stupak-Thrall v. Glickman, 226 F.3d 467, 479 n.15 (6th Cir. 2000) (emphasis in original).

The third factor is "the length of time preceding the application during which the proposed intervenors knew... of their interest in the case."  Jansen, 904 F.2d at 340. Nationwide alleges that it learned of the case on February 10, 2014.  It filed its motion to intervene on May 1, 2014, a time span of approximately two and a half months, which, in light of the other factors, is not unduly long.

The fourth factor is "the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew... of their interest in the case."  Id.  Here, Nationwide's motion is unopposed and its intervention at this time will not prejudice the original parties.

The final factor is "the existence of unusual circumstances militating against or in favor of intervention."  Id.  Here, the parties have not identified, nor is the Court aware of, any

3

unusual circumstances. When all the factors are considered, Nationwide's motion was timely filed.

The second element in deciding a motion under Fed. R. Civ. P. 24(a)(2) is whether the intervenor possesses a substantial legal interest in the case. Blount-Hill, 636 F.3d at 283. Fed. R. Civ. P. 24(a)(2) permits anyone to intervene that is claiming an "interest relating to the property or transaction that is the subject of the action." Close cases should be resolved in favor of recognizing a Fed. R. Civ. P 24(a)(2) interest. Miller, 103 F.3d at 1247. The Court of Appeals recognizes "a rather expansive notion of the interest sufficient to invoke intervention of right." Id. at 1245.

Here, Nationwide claims that if Ms. Vasandani prevails in her claims against Defendants, Nationwide could be liable to indemnify Defendants. Also, Nationwide points out that, unless it intervenes, it could be collaterally estopped from re-litigating facts decided in this case in a state court action. Howell v. Richardson, 45 Ohio St.3d 365 (1989). In a similar case, another court in this district stated that "the defendants' insurance company[] has a substantial legal interest in the outcome of this litigation. If plaintiffs win this case, [the insurer] could be responsible for indemnifying the defendants." McWhorter v. Elsea, No.2:00-cv-473, 2006 U.S. Dist. LEXIS 88273, *7 (S.D. Ohio Dec. 6, 2006) (motion to intervene denied on grounds that it was untimely). Therefore, Nationwide does have a substantial legal interest under Fed. R. Civ. P. 24(a)(2).

The third element in deciding a motion under Fed. R. Civ. P. 24(a)(2) is whether the intervenor's ability to protect its interest will be impaired without intervention. Blount-Hill, 636 F.3d at 283. Here, Nationwide could be collaterally estopped from protecting its interest if it does not intervene. Howell, 45 Ohio St.3d 365. Collateral estoppel "does not apply merely to

those who were parties to the proceeding.  It applies likewise to those in privity with the litigants and to those who could have entered the proceeding but did not avail themselves of the opportunity." Id. at 367.  Therefore, Nationwide's ability to protect its interest in this case could be impaired without intervention.

The fourth element in deciding a motion under Fed. R. Civ. P. 24(a)(2) is whether the existing parties will fail to adequately represent the intervenor's interest without intervention.  Blount-Hill, 636 F.3d at 283.  The "court must permit anyone to intervene who ... is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  Fed. R. Civ. P. 24(a)(2).  "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments."  Miller, 103 F.3d at 1247. Here, only Nationwide has an interest in demonstrating that some or all of Ms. Vasandani's claims are not covered by the policy. Ms. Vasandani pleads alternatively that Defendants' conduct was negligent, reckless, or intentional.  Ms. Vasandani and Defendants have an incentive to demonstrate that Defendants' conduct was negligent to increase the likelihood of coverage by the policy.  Therefore, Nationwide's interest is not adequately represented by the existing parties.

IV.

Based upon the foregoing, Nationwide's motion to intervene (Doc. 14) is granted.  The Clerk shall detach and file the complaint attached to the motion to intervene.

V.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),

5

Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge